20248

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. Mr. Richard D. MOODY et al., Respondents.

(226 S. E. (2d) 423)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Richard B. Kale, Jr., Asst. Atty. Gen.,* of Columbia, and *Miley and Macaulay,* of Walhalla, *for Appellant,*

*G. Ross Anderson, Jr., Esq.,* of Anderson, *Kenyon & Epps,* Anderson, *for Respondents,*

June 22, 1976.

LITTLEJOHN, Justice:

This condemnation proceeding was commenced by the South Carolina State Highway Department pursuant to § 33-121 *et seq.,* Code of Laws of South Carolina (1962), which relate to *"Rights of Way, Lands and Condemnation."* The purpose of the proceeding is to determine the amount of just compensation to which Richard D. Moody and Gladys S. Moody (landowners) are entitled by reason of the fact that the Department has required a narrow strip of land, owned by them, for the purpose of widening highway 183, which runs in front of their residence in Oconee County.

The matter was first heard before a condemnation board. The landowners, being dissatisfied with the board's award, appealed and asked for a trial, *de novo,* in the court of common pleas, as is permitted by statute. The appeal was heard before the judge and a jury, which wrote a verdict in favor of the landowners in the amount of (1) $1,000.00 for land taken and (2) $15,400 for damages to the landowners' pond, which lies in front of the landowners' home and is immediately adjacent to and extends into the Department's right-of-way.

The Department has appealed, alleging that the jury verdict included damages for negligent conduct on the part of the independent road-construction contractor, for which the owners are not entitled to recover in a condemnation proceeding. We agree with the Department's contention that a condemnation proceeding, or an appeal therefrom, is not a proper proceeding in which to seek redress for trespass and/or damages, proximately caused by negligence of a road-construction contractor, to property, and we reverse.

The landowners' property involved in this action consists of approximately 2½ acres, upon which is situated their residence, with a ½ acre pond located between the residence and the existing roadbed. The landowners' property fronts approximately 275 feet on the highway. At that point, the Department has owned, heretofore, a right-of-way measuring 37½ feet on each side of the center of the road. The pond was mostly on the landowners' property, but extended onto the right-of-way of the Department to a depth of eight feet. In this proceeding, the Department is requiring a right-of-way of 20 additional feet for the purpose of widening the roadbed and the installation of curbs, gutters and sidewalks. At the time the case was tried, construction was still in progress, the curbs and gutters having been installed, but not finished. The amount of property being acquired is approximately .08 acre. The date of the taking was November 15, 1973. The date of the trial was September 15, 1975. In order to widen the roadbed and install the sidewalk, it was necessary for the contractor to provide support for the addition. The contractor did this by dumping fill-in dirt alongside the old roadbed and into a portion of the pond. As a result, the pond became muddy. It is the testimony of the landowners that more than $15,000.00 will be required to clean out the pond and restore it to its original condition. The testimony relative to the cost of restoring the pond was objected to by the Department, which argued that evidence of damage to the pond was not admissible since

the damage was not permanent and was the result of negligence by the independent contractor. The Department asserts that compensation for such is not recoverable in an eminent domain proceeding.

The basis of these condemnation proceedings is Art. I, § 13 of our Constitution, which states that private property shall not be taken for public use without just compensation. The legislature, in Code § 33-121 *et seq.*, has set forth the procedures to be used, and the damages to be considered by a condemnation board and a jury when there is an appeal. Sections 33-135,-136 read as follows:

"§ 33-135. Actual value and special damages to be considered.—In assessing compensation and damages for rights of way, only the actual value of the land to be taken therefor and any special damages resulting therefrom shall be considered.

"§ 33-136. Consideration of benefits.—In any condemnation proceeding instituted by the Department, benefits to be derived by reason of the proposed road construction, including the value of the old road if it shall revert to the person whose property is being condemned, shall be taken into consideration in determining the amount of compensation, if any, to be awarded to such person and due allowance made therefor."

These Code Sections determine the issues and the damages which may be awarded, when these special proceedings are used for the purpose of acquiring land for public use. In these proceedings there are no complaints and no answers. None are needed since the issues to be tried are set out in the Code and are well known to the parties. An appeal from the condemnation board is brought to a common pleas jury by a simple notice of the landowners that they are dissatisfied with the board's award. In such an appeal, the Department is not placed on notice of any damage issues other than those stipulated in §§ 33-135, -136.

When an agency of the government, such as the Highway Department, requires a landowner's property for public use without having condemned the same in keeping with the statutes herein cited, the landowner is not left without relief. In a line of cases, commencing with *Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842 (1931), this Court has held that there is no real distinction between a taking of property and the damaging of property. Any action on the part of the State which takes or damages property for public use, deprives a landowner of its full use and is a taking as contemplated by the constitution. If an independent contractor, in constructing a road or improving the same, trespasses beyond the right-of-way and causes damages to a landowner, relief to the landowner is available by way of a common law action for damages. Such an action may be instituted against the contractor, or against the highway department, or against the two, depending on the facts. This we refer to as inverse condemnation. One basic difference between condemnation and inverse condemnation is that in condemnation proceedings, the governmental entity is the moving party, whereas, in inverse condemnation, the property owner is the moving party. In a common law action (inverse condemnation), the complaint should, of course, set forth the basis of the claim and specify the damages and relief sought, as in any other common law action.

Allowing the landowner to pursue inverse condemnation within this condemnation proceeding denied the Department of due process, because it obviously had no notice that the landowners would seek compensation for damages of a temporary nature to the pond, growing out of the negligent conduct of the independent contractor.

In *State Highway Dept. v. Amick's Estate,* 199 S. C. 112, 18 S. E. (2d) 663 (1942), we quoted the following from *Corpus Juris:*

"In proceedings to condemn land or to recover compensation for land already taken or injured, no damages are included except such as necessarily arise from a lawful taking and a proper construction and operation of the improvement. Anticipated or past negligence in the construction of the improvement is not therefore an element of damage, . . .."

We further stated that the remedy of the landowner where he suffers damages because of the trespass or negligence of the condemnor's agents is a common law action for damages.

The gravamen of the testimony of both landowner Richard Moody and his only witness, was to the effect that the contractor was negligent and that the damage could have been prevented by the use of proper care. This evidence was not contradicted and the conclusion is inescapable that the landowners' damage to the pond was temporary and was not a necessary incident to the construction.

We conclude that the lower court erred in allowing a claim for the cost of repair to the pond in this condemnation proceeding. Inasmuch as the verdict included a separate item for the property taken, the award for that item in the amount of $1,000.00 can stand, and we affirm the verdict to this extent.

The Department also raises an issue regarding testimony with respect to an indemnification agreement which apparently existed between the Department and the independent contractor. It is the contention of the Department that it was error for counsel for the landowners to ask questions relative to this agreement in the presence of the jury, and error for counsel to comment upon the same in argument. The trial judge properly struck out the testimony. In any subsequent trial, there is no reason for this problem to arise again, and further comment by this Court is unnecessary.

Affirmed in part; reversed in part.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.