23098

Carl COLLINS, individually and on behalf of Quality Processing, Inc., and Quality Processing, Inc., Petitioners v. Harold SIGMON, Respondent.

(385 S. E. (2d) 835)

Supreme Court

*David W. Goldman* and *Terrell T. Horne,* both of *Bryan, Bahnmuller, King, Goldman and McElveen,* Sumter, *for petitioners.*

*Nelson R. Parker*, of *Land, Turbeville and Parker*, Manning, and *Rodney S. Justice*, Ashland, Ky., *for respondent.*

Heard Sept. 18, 1989.

Decided Nov. 6, 1989.

Toal, Justice:

This case comes before us in an odd posture. The issue as we see it is whether a trial judge's decision allowing an amendment of a pleading (here an Answer) is interlocutory in nature.

## FACTS

The legal maneuvering in this case is exhaustive and surely discouraging for both parties involved. Collins obtained a judgment against Sigmon in Kentucky State Court in early 1983. Sigmon appealed this judgment initially, but then dropped the appeal. In March of 1983, Collins then sued Sigmon in this state, alleging the Kentucky judgment debt as his cause of action. Sigmon answered this South Carolina complaint, originally alleging four defenses. The South Carolina action was then taken off the roster by agreement.

In March of 1984, Sigmon filed suit against Collins in Kentucky Federal Court, alleging debts owed him by Collins based on various loans. In July of 1985, the Kentucky United States District Court issued an Order to Show Cause why Sigmon's action should not be dismissed for failure to prosecute, to which Sigmon did not respond. In August of 1985, the District Court judge *sua sponte* dismissed Sigmon's federal suit for failure to prosecute.

Collins' South Carolina action to enforce the Kentucky judgment was then restored to the docket in April of 1987. In July of 1987, Sigmon filed a motion to amend his Answer to add fourteen counterclaims to his original four defenses. Six of these counterclaims are virtually identical to the causes of action Sigmon alleged in his Kentucky Federal Court action. This July motion to amend was contested by Collins on several grounds. One of Collins' arguments was that the dismissal of Sigmon's Federal Court action operated as *res judicata* regarding the aforementioned proposed six identical counterclaims.

The Circuit Court ordered that Sigmon be allowed to amend his Answer and include all eighteen defenses and counterclaims. In his Order, the trial judge ruled that *res judicata* did not operate as a bar against Sigmon in any way. Collins appealed this Order, and Sigmon sought to dismiss the appeal, claiming that the Order was interlocutory and not appealable. We ruled that the Order was not interlocutory, denying Sigmon's motion to dismiss Collins' appeal. The case was then assigned to the Court of Appeals. The Court of Appeals dismissed the appeal as an attempted appeal of an interlocutory order. We granted *certiorari* and vacated the Court of Appeals' dismissal.

We hold now, having the benefit of the entire record and the briefs of the parties, that the order of the trial judge is interlocutory, but we also express our view that the trial judge erred in his ruling on the *res judicata* issue.

## LAW/ANALYSIS

An order permitting amendment of pleadings is interlocutory and generally is not appealable until final judgment. *See, e.g., Buist v. Williams,* 83 S. C. 321, 65 S. E. 343 (1909); *Schein v. Lamar,* 284 S. C. 252, 325 S. E. (2d) 573 (Ct. App. 1985); *Lake City Dev. Corp. v. Gilbert Const. Co.,* 283 S. C. 10, 320 S. E. (2d) 494 (Ct. App. 1984). A motion to amend an Answer should be contested primarily by procedural arguments, not arguments concerning the substance and merits of the counterclaims and/or defenses proposed. For example, one might argue that it is too late in the case to allow an amendment, and that prejudice would result from such an amendment. *See Potomac Leasing Co. v. Bone,* 294 S. C. 494, 366 S. E. (2d) 26 (Ct. App. 1988). Arguments going to the legal merits of a proposed defense or counterclaim are better taken up in the context of a Rule 12(b) motion to dismiss or a Rule 56 motion for summary judgment. It follows that the trial judge should generally not consider these substantive arguments at the mere amendment stage.[1]

---

[1] We recognize that where a proposed amendment is completely and obviously frivolous substantively, it may be denied in rare circumstances in the discretion of the trial judge. *See* FRIEDENTHAL, KANE & MILLER, CIVIL PROCEDURE 304 (1985).

Here, the trial judge properly stated in his order that many of Collins' arguments went to the substance of Sigmon's proposed counterclaims and defenses, and that he would not consider them at the amendment of pleadings stage. However, the trial judge did make a ruling on Collins' *res judicata* contention, despite the fact that it, too, went to the legal substance or merits of certain of Sigmon's proposed counterclaims.

Because the parties at the motion hearing fully argued the *res judicata* issue, because the trial judge ruled as he did, and because the parties have argued the issue extensively in their briefs, we express our view on the issue. *Cf. Thomas v. Colonial Stores, Inc.*, 236 S. C. 95, 113 S. E. (2d) 337 (1960); *Rice Hope Plantation v. South Carolina Public Service Authority*, 216 S. C. 500, 59 S. E. (2d) 132 (1950), *overruled on other grounds McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985).

## RES JUDICATA ISSUE

As discussed earlier, in 1984 Sigmon commenced an action against Collins in the United States District Court for the Eastern District of kentucky to recover the alleged purchase price of stock in six different corporations. On July 29, 1985, the District Court issued an Order to show cause why this action should not be dismissed for failure to prosecute. Sigmon did not respond to that Order. On August 27, 1985, the action was dismissed *sua sponte* by Order of Eugene E. Siler, Jr., Chief Judge of the United States District Court for the Eastern District of Kentucky. The fifth through tenth counterclaims proposed by Sigmon here appear identical to his federal claims, seeking amounts alleged to be due on stock in the same six corporations.

A dismissal of a case "without prejudice means that the plaintiff can reassert the same cause(s) of action by curing the defects that led to dismissal. By contrast, dismissals with prejudice are intended to bar relitigation of the same claim." FRIEDENTHAL, KANE & MILLER, CIVIL PROCEDURE 651 (1985).

Rule 41(b) of the *Federal Rules of Civil Procedure* provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction or for improper venue or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*

(Emphasis added.)

Sigmon argues that Rule 41(b) only applies to an involuntary dismissal on the merits resulting from a motion for dismissal by an opposing party. We find no merit in Sigmon's contention. In *Link v. Wabash Railroad Co.*, 370 U. S. 626, 82 S. Ct. 1386, 8 L. Ed. (2d) 734 (1962), the United States Supreme Court rejected an identical argument. The *Link* Court clearly held that a *sua sponte* dismissal of an action has the same 41(b) effect as a dismissal upon a motion by the defendant. The Court held:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U. S. at 630-31, 82 S. Ct. at 1389. The Court concluded by determining that the trial judge did not abuse his discretion in dismissing the plaintiff's case on the merits.

It is abundantly clear here that Chief Judge Siler intended his *sua sponte* Order of Dismissal to be an adjudication on the merits. Not only did he decline to "otherwise specify" that he was dismissing Sigmon's case without prejudice, he also specifically cited *Link v. Wabash Railroad Co.* in his Order.

Furthermore, we are not persuaded by the trial judge's conclusion that "equity compels that the Defendant Sigmon should be allowed to litigate the issue of an alleged indebtedness." (Tr. 44). To the contrary, the ancient maxim that "equity aids the vigilant and diligent" operates to deprive Sigmon of any possible relief in equity. *See generally Hemingway v. Mention*, 228 S. C. 211, 89 S. E. (2d) 369 (1955). Indeed, Chief Judge Siler's District Court Order of Dismissal begins:

> The above stated case has been pending on the docket of this Court for a lengthy period without any steps having been taken to prosecute. The plaintiff (Sigmon) has failed to respond to this Court's Order of July 29, 1985, to show cause why the case should not be dismissed for failure to prosecute.

(Tr. 39). This language demonstrates utter failure by Sigmon to preserve his legal rights. Therefore, Sigmon may not seek the aid of equity.

## CONCLUSION

In summary, we hold that the order of the trial judge was interlocutory. If on a motion to dismiss or a motion for summary judgment the parties make no significantly different or additional arguments regarding the *res judicata* issue, our view on the issue is provided herein for the trial court's guidance. As for the other issues argued in the parties' briefs, we express no opinion whatsoever, nor do we express an opinion on whether the defendant Sigmon should be allowed to plead *any* of the counterclaims or defenses he has asserted in an action to enforce a foreign judgment.[2] All of these issues should be decided at the proper procedural stage, after the parties have more fully developed them.

Accordingly, we dissolve our previous order vacating the opinion of the Court of Appeals and remand this case to the Circuit Court for proceedings consistent with this opinion.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] We have indicated that the routine enforcement of foreign judgments in this state should not be time consuming or cumbersome. *Mitchell v. Mitchell,* 266 S. C. 196, 222 S. E. (2d) 499 (1976). *Cf. Gem Mfg. Corp. v. Lents Industries, Inc.,* 276 Or. 87, 554 P. (2d) 166 (1976) (forbidding the assertion of counterclaims in an action to enforce a foreign judgment since they can add complexity and defeat the purpose of the summary proceeding).