599 S.E.2d 462

The **CITY OF NORTH MYRTLE BEACH,** Appellant,

v.

Norma **LEWIS–DAVIS** and Nancy Lewis–Worriax, Respondents.

No. 3834.

Court of Appeals of South Carolina.

Heard June 10, 2004.

Decided June 28, 2004.

226

Charles E. Carpenter, Jr. and S. Elizabeth Brosnan, both of Columbia; and Christopher Paul Noury, of North Myrtle Beach; and Douglas C. Baxter, of Myrtle Beach, for Appellant.

John R. Clarke, of North Myrtle Beach, for Respondents.

ANDERSON, J.:

In this condemnation action, the City of North Myrtle Beach appeals the trial court's order holding landowners Norma Lewis–Davis and Nancy Lewis–Worriax could file a separate action for trespass against Appellant despite the expiration of the statute of limitations. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Respondents own lots in the Windy Hill section of North Myrtle Beach. Appellant sought to obtain a portion of Respondents' lots for a roadway and sidewalk easement. Respondents rejected Appellant's $25,000 tender; therefore, on January 27, 2000, Appellant filed a condemnation notice and tender of payment against Respondents, pursuant to section 28-2-240 of the South Carolina Code. On March 13, 2000, Respondents counterclaimed, rejecting the $25,000 tender and seeking $500,000 just compensation. In their counterclaim, Respondents alleged Appellant trespassed on their property by cutting down trees and damaging a sign. In its reply filed March 24, 2000, Appellant moved to dismiss the counterclaim under Rule 12(b)(6), SCRCP. Appellant filed a separate motion to dismiss on April 10, 2000. The motion was scheduled, continued, and then withdrawn to allow new counsel for Appellant to become familiar with the case.

On April 17, 2001, Respondents moved to amend their answer to allege additional damages for trespass. On October 19, 2001, Judge J. Michael Baxley granted the motion to amend. On March 4, 2002, Appellant again moved to dismiss the counterclaim for trespass based on *South Carolina State Highway Department v. Moody*, 267 S.C. 130, 226 S.E.2d 423 (1976). *Moody* holds, "a condemnation proceeding, or an appeal therefrom, is not a proper proceeding in which to seek redress for trespass and/or damages, proximately caused by negligence." *Id.* at 134, 226 S.E.2d at 424. The *Moody* court reasoned that "[a]llowing the landowner to pursue inverse condemnation within this condemnation proceeding denied the Department of due process, because it obviously had no notice that the landowners would seek compensation for damages ... growing out of the negligent conduct of the independent contractor." *Id.* at 136, 226 S.E.2d at 426.

On June 13, 2002, Judge Steven H. John granted Appellant's motion to dismiss, finding, under *Moody*, Respondents could not assert a counterclaim for trespass in a condemnation action. However, Judge John decided that despite the fact that the Tort Claims Act's two-year statute of limitations would bar any subsequent lawsuit by Respondents for trespass, Respondents could file a separate suit despite the effica-

cy of the statute of limitations. Judge John reached this conclusion because he believed Judge Baxley's order granting Respondents' motion to amend "prejudiced [Respondents] and led them to believe their rights were protected and that it was not necessary to file a separate action for their damages." Judge John took judicial notice that Appellant did not file a Rule 59(e) Motion to Alter of Amend a Judgment regarding Judge Baxley's order.

On June 24, 2002, Appellant filed a motion to alter or amend. On October 28, 2002, Judge John issued an amended order which reaffirmed his prior ruling. Appellant served a notice of appeal on November 27, 2002. At trial on December 9, 2002, Respondents received judgment in the amount of $70,560. On December 12, 2002, Respondents commenced a separate lawsuit against Appellant and another defendant, Weaver Company, Inc., alleging trespass and negligence.

## LAW/ANALYSIS

### I. ISSUE NOT PROPERLY BEFORE THE TRIAL COURT

■ Although Judge John granted Appellant's motion to dismiss, he held Respondents could file a separate action for trespass despite the expiration of the statute of limitations. However, Judge John did not base this decision on a ground Respondents raised. While Judge John relied on his belief that Judge Baxley's order granting Respondents' motion to amend prejudiced them, Respondents only sought leave to refile on the basis that the statute was tolled on March 13, 2000, the date they filed their initial counterclaim. Respondents attempt to argue in their brief that they raised the issue of prejudice in a letter written to Judge John. However, the letter only mentions Judge Baxley's order: "An Order was issued by Judge Baxley on October 19, 2001 allowing [Respondents] to amend their Answer and assert an additional claim of trespass." This sentence does not raise the issue of prejudice to Respondents from Judge Baxley's order. In fact, the sole reference Respondents make in the letter to tolling the statute of limitations is that "the statute was tolled when [Respondents] initially brought the counterclaim on March 13, 2000." Indubitably, Respondents made no claim for relief based on Judge Baxley's order.

"It is an error of law for a court to decide a case on a ground not before it." *Griffin v. Capital Cash,* 310 S.C. 288, 294, 423 S.E.2d 143, 147 (Ct.App.1992); *see Friedberg v. Goudeau,* 279 S.C. 561, 562, 309 S.E.2d 758, 759 (1983) (reversing the grant of summary judgment because the ground for summary judgment was not properly before the trial court). A reversal is required when the trial court's ruling exceeds the limits and scope of the particular motion before it. *Skinner v. Skinner,* 257 S.C. 544, 550, 186 S.E.2d 523, 526 (1972). Because we decide Judge John granted Respondents relief on a ground they did not raise or argue, it was error for him to rule the statute of limitations was tolled as of the date of Judge Baxley's order.

## II. STATUTE OF LIMITATIONS

Assumptively reasoning that the statute of limitations issue was properly before the trial court, the judge still erred in determining the statute would not time-bar subsequent actions. The trial court rationalized that because Judge Baxley's order led Respondents to believe they did not need to file a separate action for trespass, the statute of limitations was tolled as of the date of that order. This is flawed argumentation because Judge Baxley's order merely allowed Respondents to amend their pleading to assert additional damages for trespass. The order did not address the legal merits of the claim.

### A. Statutory and Case Law Application

The statute of limitations for "an action for trespass upon or damage to real property" is three years. S.C.Code Ann. 15–3–530 (Supp.2003).

A statute of limitations reduces the interval between the accrual and commencement of a right of action to a fixed period, thereby putting to rest claims after the passage of time. *See* 51 Am.Jur.2d *Limitations on Actions* § 15 (1970); *Nowlin v. General Tel. Co.,* 310 S.C. 183, 186, 426 S.E.2d 114, 116 (Ct.App.1992), *aff'd,* 314 S.C. 352, 444 S.E.2d 508 (1994). This procedural device operates as a defense to limit the remedy available from an existing cause of action. *Langley v. Pierce,* 313 S.C. 401, 438 S.E.2d 242 (1993) (citing *Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th

Cir.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988)). Unless an action is commenced before expiration of the limitations period, the plaintiff's claim is normally barred. *See, e.g., McLain v. Ingram,* 314 S.C. 359, 444 S.E.2d 512 (1994).

*Blyth v. Marcus,* 322 S.C. 150, 152–53, 470 S.E.2d 389, 390–91 (Ct.App.1996).

There is universal acceptance of the logic of Statutes of Limitations that litigation must be brought within a reasonable time in order that evidence be reasonably available and there be some end to litigation. Not only do such statutes apply to suits against the State but also to suits brought by the State.

*Webb v. Greenwood County,* 229 S.C. 267, 276, 92 S.E.2d 688, 691 (1956). "[S]tatutes are designed to promote justice by forcing parties to pursue a case in a timely manner. Parties should act before memories dim, evidence grows stale or becomes nonexistent, or other people act in reliance on what they believe is a settled state of public affairs." *State ex rel. Condon v. City of Columbia,* 339 S.C. 8, 19, 528 S.E.2d 408, 413–14 (2000).

Statutes of limitation evolved over time with definite purposes in mind. They protect people from being forced to defend themselves against stale claims. The statutes recognize that with the passage of time, evidence becomes more difficult to obtain and is less reliable. Physical evidence is lost or destroyed, witnesses become impossible to locate, and memories fade. With passing time, a defendant faces an increasingly difficult task in formulating and mounting an effective defense. Additionally, statutes of limitation encourage plaintiffs to initiate actions promptly while evidence is fresh and a court will be able to judge more accurately.

*Moriarty v. Garden Sanctuary Church of God,* 334 S.C. 150, 163–64, 511 S.E.2d 699, 706 (Ct.App.1999).

Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. 54 C.J.S. *Limitations of Actions* § 2, at 16–17 (1989). Statutes of limitations embody important public policy considerations in that they stimulate

activity, punish negligence, and promote repose by giving security and stability to human affairs. 51 Am.Jur.2d, *Limitation of Actions* § 18, at 603 (1970). One purpose of a statute of limitations is "to relieve the courts 'of the burden of trying stale claims when a plaintiff has slept on his rights.'" *McKinney v. CSX Transp., Inc.,* 298 S.C. 47, 49–50, 378 S.E.2d 69, 70 (Ct.App.1989) (quoting *Burnett v. New York Cent. R.R.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941, 945 (1965)). Another purpose of a statute of limitations is to protect potential defendants from protracted fear of litigation. 51 Am.Jur.2d *Limitation of Actions* § 17, at 602–03 (1970).

*Moates v. Bobb,* 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct.App.1996). When an action is dismissed without prejudice, the statute of limitations will bar another suit if the statute has run in the interim. *Davis v. Lunceford,* 287 S.C. 242, 243, 335 S.E.2d 798, 799 (1985).

## B. Motion to Amend

Rule 15(a) states "a party may amend his pleading ... by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP.

"The prejudice Rule 15 envisions is a lack of notice that the new issue is going to be tried, and a lack of opportunity to refute it." *Pool v. Pool,* 329 S.C. 324, 328–9, 494 S.E.2d 820, 823 (1998) (citing *Soil & Material Eng'rs, Inc. v. Folly Assocs.,* 293 S.C. 498, 501, 361 S.E.2d 779, 781 (Ct.App. 1987)).

"It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice." *Pruitt v. Bowers,* 330 S.C. 483, 489, 499 S.E.2d 250, 253 (Ct.App.1998). Courts have wide latitude in amending pleadings and "[w]hile this power should not be used indiscriminately or to prejudice or surprise another party, the decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal." *Berry v. McLeod,* 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct.App.1997). "The trial judge's finding

will not be overturned without an abuse of discretion or unless manifest injustice has occurred." *Id.*

*Duncan v. CRS Sirrine Eng'rs, Inc.,* 337 S.C. 537, 542, 524 S.E.2d 115, 117–18 (Ct.App.1999).

*Collins v. Sigmon,* 299 S.C. 464, 385 S.E.2d 835 (1989) provides helpful instruction regarding a trial judge's proper treatment of a motion to amend. In *Collins,* a defendant moved to amend his answer to add counterclaims and affirmative defenses. The plaintiff contested the motion, arguing the counterclaims were barred by *res judicata.* While the trial court held *res judicata* did not operate as a bar, the supreme court reversed, finding the trial court erred by ruling on the *res judicata* issue in the context of a motion to amend. *Collins* edifies:

> A motion to amend an Answer should be contested primarily by procedural arguments, not arguments concerning the substance and merits of the counterclaims and/or defenses proposed. For example, one might argue that it is too late in the case to allow an amendment, and that prejudice would result from such an amendment. Arguments going to the legal merits of a proposed defense or counterclaim are better taken up in the context of a Rule 12(b) motion to dismiss or a Rule 56 motion for summary judgment. It follows that the trial judge should generally not consider these substantive arguments at the mere amendment stage.

*Id.* at 466, 385 S.E.2d at 836.

Because Judge Baxley's order did not address the legal merits of the claim, it was impossible for his order to prejudice Respondents. Judge Baxley's order was unrelated to whether Respondents could plead a counterclaim in a condemnation action. Judge Baxley's order allowed Respondents to amend their pleading. That order did not lead Respondents to believe they could file a counterclaim for trespass in this condemnation action. Respondents have conceded that a counterclaim for trespass may not be brought in a condemnation action, but rather, must be brought in a separate action. However, Respondents still proceeded with asserting their counterclaim in the condemnation action. The trial court erred in holding the statute of limitations was tolled on the date of Judge Baxley's order.

Furthermore, Respondents acknowledge that Judge Baxley's order did not address the legal merits of their counterclaim. They proffer that because Appellant did not challenge Judge Baxley's order, it became the law of the case. We disagree. Although Appellant did not file a Rule 59(e) motion, Appellant was not required to take this action because the order was not a ruling regarding Respondents' right to properly plead a counterclaim in a condemnation action; it was only a ruling regarding notice and opportunity to respond to the amendment. Under *Collins*, Appellant should not have challenged the merits at the amendment stage. Applying *Collins*, Appellant only had to file a Rule 12(b) motion, and that is precisely what it did. *See id.* at 466, 385 S.E.2d at 836. If we were to accept Respondents' argument, a party would be required to appeal an order granting a motion to amend each time the party wished to attack the merits of the amendment. This would, in effect, nullify the language in Rule 15(a), SCRCP, allowing a party to plead in response to an amended pleading. Thus, Judge Baxley's order was only the law of the case as to Respondents' amendment to their counterclaim.

A pleading error by Respondents does not serve as a justification for tolling the statute of limitations. Respondents bear the burden of protecting their claim from procedural bars and may not use tolling to save their claim. No rule or statute exists which tolls statute of limitations periods based on improper pleadings. Therefore, we reject any argument that the statute of limitations was tolled when Respondents filed their initial counterclaim on March 13, 2000.

### III. WAIVER OF STATUTE OF LIMITATIONS

■ Appellant argues the trial court erred in holding Appellant waived the statute of limitations defense by (1) waiting until after the statute of limitations expired to file a motion to dismiss; and (2) failing to file a Rule 59(e) motion to alter or amend Judge Baxley's order.

■ A party can waive a statute of limitations defense. *McLendon v. South Carolina Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 525–26, 443 S.E.2d 539, 540 (1994). Waiver is a question of fact for the finder of fact. *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C.

339, 415 S.E.2d 384 (1992). Waiver is a voluntary and intentional abandonment or relinquishment of a known right. *Id.* at 342–44, 415 S.E.2d at 387. It may be expressed or implied by a party's conduct, and it may be applied to bar a party from relying on a statute of limitations defense. *Mende v. Conway Hosp., Inc.,* 304 S.C. 313, 404 S.E.2d 33 (1991).

*Parker v. Parker,* 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994). "A simple voluntary relinquishment of a right with knowledge of all the facts—an expression of intention not to demand a certain thing is sufficient to constitute a waiver." *South Carolina Tax Comm'n v. Metropolitan Life Ins. Co.,* 266 S.C. 34, 40, 221 S.E.2d 522, 524 (1975). "Waiver of [the statute of] limitations may be shown by words or conduct. Thus, waiver may result from express agreement, ... from failure to claim the defense, *or by any action or inaction manifestly inconsistent with an intention to insist on the statute." Mende,* 304 S.C. at 315, 404 S.E.2d at 34 (quoting 54 C.J.S. *Limitation of Actions* § 22 at 52 (1987)) (emphasis in original).

Appellant did not waive the right to assert the statute of limitations defense. Appellant has challenged Respondents' counterclaim from the very beginning stages of this litigation. Prior to the expiration of the statute of limitations, Appellant twice sought dismissal of the counterclaim—in its reply, as well as in a separate motion. Appellant was not required to file a Rule 59(e) motion to alter or amend Judge Baxley's order because it did not go to the legal merits of the claim. Thus, Appellant did not waive its right to assert the statute of limitations as a defense.

In their brief, Respondents concede Appellant did not waive its right to assert the statute of limitations as a defense, but argue that fact is immaterial because Judge John "correctly reconciled the holding in *Moody* with the law of the case." Respondents claim Judge John correctly reconciled the *Moody* mandate with Judge Baxley's "unappealed law of the case" when he referred to Judge Baxley's order and allowed Respondents to continue with their new action. Respondents' contention that it is immaterial that Appellant did not waive its right to assert the statute of limitations fails in that Judge Baxley's "law of the case" only applied to Respondents'

amendment to their counterclaim and Judge John erred in tolling the statute of limitations.

**IV.  NEGLIGENCE CAUSE OF ACTION**

In Respondents' separate action against Appellant and Weaver Company, Inc., they alleged a cause of action for trespass and added a new cause of action for negligence. Based on our adjudication that the trespass cause of action is barred by the two-year statute of limitations, we rule the negligence cause of action is time-barred.

*CONCLUSION*

For the foregoing reasons, the trial court erred in tolling the statute of limitations.  Accordingly, the decision of the trial court is

**REVERSED.**

HUFF and KITTREDGE, JJ., concur.