**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dawn M. Pontious, Appellant,

v.

Diana L. Winters and Jason R. Winters, Respondents.

Appellate Case No. 2010-171826

———————

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge
George C. James, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-179
Heard January 8, 2013 – Filed May 8, 2013
Withdrawn, Substituted and Refiled August 28, 2013

———————

**AFFIRMED**

———————

John E. Cheatham, of Lexington, for Appellant.

Bryan D. Caskey and C. Cantzon Foster, II, both of
Columbia, for Respondents.

———————

**PER CURIAM:** Dawn M. Pontious appeals two post-trial orders issued in a
partition action.  We affirm.

Pontious purchased the subject property with Respondents Diana L. Winters (Diana) and Jason R. Winters (Jason). On March 7, 2006, Pontious filed this action for a partition of the property.[1] On November 3, 2008, the trial court heard the matter without a jury. On November 25, 2008, the court issued an order directing Diana to convey her interest in the property to Jason and Pontious in equal shares. In the order, the court also noted that although Pontious and Jason had "unofficially" divided the property into two "halves," they did not have an agreement as to the exact physical division of the property.

Based on the trial testimony, the court found the road frontage included a ditch that began at the northernmost boundary and ran along the frontage in a southeasterly direction for an unknown distance, leaving "an as yet undetermined amount of road frontage from the end of the ditch to the iron pin located at the southeasternmost point of the road." The court concluded that granting Pontious and Jason equal amounts of road frontage would be inequitable for Jason because the ditch would take up most of the frontage allocated to the portion of the property that he was to receive in the partition.

Because of these uncertainties, the trial court "acknowledge[d] it will likely be necessary for a new survey to be obtained" and ordered Pontious and Jason to bear the cost equally.[2] The court then ordered that the subject property "be partitioned in the manner set forth as between Jason R. Winters and Dawn M. Pontious." Both Pontious and Jason were to execute deeds accomplishing the ordered partition and

[1] Pontious also sought to quiet title and alleged a conspiracy. The record does not give the particulars of either of these causes of action. Diana counterclaimed for collection of a debt, and Jason counterclaimed for partition. The trial court entered judgment for Jason and Diana on Pontious's conspiracy claim and did not specifically address the quiet title cause of action. Diana was also awarded a judgment of $1,960.02 on her counterclaim against Pontious. None of these dispositions have been appealed.

[2] The record on appeal includes a plat of the subject property that was part of a 1968 survey. The plat, however, appears to have been included as an exhibit for a surveyor's deposition, which is discussed later in this opinion and did not occur until more than one year after the partition hearing. The record does not include a transcript of the partition hearing or specific information about any surveys admitted during that hearing.

to share the costs of preparing and recording the deeds and survey.  Pontious moved for reconsideration of the order.  Reconsideration was denied, and no appeal followed.

On July 10, 2009, Pontious filed a motion for court approval of a plat showing how she proposed to divide the subject property.  Jason opposed the motion and submitted a plat depicting his own proposed property division.  The court held a hearing in the matter on September 22, 2009, and issued an order on October 2, 2009, in which it found a survey was needed and appointed a surveyor to complete this task.  The record does not indicate whether or not the parties were to be notified when the survey was submitted to the court.  In any event, on December 9, 2009, without prior notice to the parties, the court issued an order stating the survey was completed and "deemed by this Court to be an accurate reflection of the property ownership in this case."  Accordingly, the court directed counsel to use the survey to prepare the partition deeds.  The approved survey allotted Pontious less acreage than what was allotted to Jason and only twenty feet of road frontage, the minimum amount of frontage that was allowed by the county.

Pontious filed various motions to have the survey set aside.  First, on December 11, 2009, she filed a motion to "disapprove" the survey.  On December 15, 2009, she moved under Rule 59(e), SCRCP, to alter or amend the order of December 9, 2009, in which the court approved the survey.  While these motions were pending, the surveyor gave a deposition on April 20, 2010, in which he stated there was no ditch on the road frontage of the subject property; rather, there was a "water turnout" that did not interfere with access.  He also testified that there was a ditch along the northeastern edge of the property, but it was entirely off the property and not along the road frontage.  The surveyor further stated he discussed his proposed survey with the trial court while it was in progress and proceeded with the court's approval.

On June 25, 2010, Pontious moved under Rule 60(b), SCRCP, for relief from the order of December 9, 2009, arguing the surveyor's statements in his deposition provided a "meritorious defense" to the approved survey.

Pontious's motion to alter and amend was denied on July 30, 2010, and she filed a notice of appeal from this order.  Her Rule 60(b) motion was heard on two separate days, and the trial court issued an order on October 28, 2010, denying relief.  On November 19, 2010, Pontious moved for relief from the order of October 28, 2010,

requesting reconsideration or a new hearing on the matter. The court denied relief on November 29, 2010, and Pontious appeals this order as well.[3]

1.     We disagree with Pontious's first argument that she was deprived of her due process rights because the trial court approved the survey without giving her an opportunity to be heard. Although Pontious was not consulted before the trial court approved the survey, the subsequent hearings on her Rule 60(b) motion were sufficient to satisfy her due process rights. As the trial court acknowledged in its order in Pontious's Rule 60(b) motion, while the motion was pending, Pontious proffered a deposition given by the surveyor on April 30, 2010, and has not identified any other evidence that she was prevented from offering to support her position. *See Sloan v. South Carolina Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 485, 636 S.E.2d 598, 615 (2006) ("Procedural due process requirements are not technical; no particular form of procedure is necessary."); *cf. Ross v. Med. Univ. of South Carolina*, 328 S.C. 51, 67, 492 S.E.2d 61, 71 (1997) (holding that although pre-termination procedures for a tenured professor to respond to charges of misconduct did not comply with minimum due process, the error was remediated by his full and meaningful participation in a post-termination hearing).

2.     We find no merit in Pontious's argument that the orders of December 9, 2009, and October 28, 2010, should be reversed because they contain "factual conclusions" that were "without evidentiary support." Contrary to what Pontious argues in her brief, the order of December 9, 2009, did not include a finding that the survey approved by the court was consistent with the order issued after the partition action was heard. Rather, the court found: "The survey is deemed by this Court to be an accurate reflection of the property ownership in this case." As evident from the surveyor's deposition testimony, the court was informed about the discrepancy between its earlier finding that a ditch was on the road frontage and the surveyor's observation that there was no ditch at that location. Nevertheless, despite the requirement that the survey be consistent with a prior order and the realization that fulfillment of this condition may not be possible, the trial court opted to approve the survey based on a determination that it accurately reflected "the property ownership." Moreover, the surveyor was unable to divide the property according to the November 28, 2008 order because of an inaccurate finding in that order that could have been avoided if the parties had followed the

---

[3] We were unable to ascertain from the record whether an order was issued specifically addressing Pontious's motion of December 11, 2009, to have the survey disapproved by the court.

trial court's advice and obtained a survey when the partition action was tried. *See Erickson v. Jones Street Publishers, LLC*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) ("[A] party may not complain on appeal of error or object to a trial procedure which his own conduct has induced.").

The factual conclusions in the October 28, 2010 order that Pontious appears to challenge concern whether she satisfied the due diligence requirement for relief under Rule 60(b)(2), SCRCP. She contends the court's conclusions that the parties should have procured a survey or called a surveyor to testify at trial were speculative statements about how the proceedings would have resulted had these steps been taken. As the moving party, however, Pontious had the burden of presenting evidence proving the facts essential to entitle her to relief under Rule 60(b). *BB&T v. Taylor*, 369 S.C. 548, 552, 633 S.E.2d 501, 503 (2006) (citing *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991)). We have found no evidence of due diligence on Pontious's part, such as evidence demonstrating that circumstances beyond her control prevented her from having the property surveyed or calling a surveyor to testify at trial. Furthermore, there is no evidence in the record as to whether or not the partition action would have been decided differently if these measures had been taken. Finally, Pontious did not appeal the order in which the trial court initially found a ditch encumbered the road frontage.

3. Pontious further requests that we make our own findings of fact in this equitable matter; however, we decline to disturb the trial court's rulings. *See Oskin v. Johnson*, 400 S.C. 390, 397, 735 S.E.2d 459, 463 (2012) (acknowledging "the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence," but further stating the court "is not required to disregard the findings of fact by the trial court"). Here, we cannot fault either of the two circuit court judges who presided during this litigation for declining to entertain Pontious's belated challenge to the finding that a ditch ran along the road frontage. As noted earlier, Pontious did not appeal the first order in which the trial court made this finding, and we see no reason to disturb the trial court's refusal to alter or amend its rulings based on this alleged error. *See Collins v. Sigmon*, 299 S.C. 464, 468, 385 S.E.2d 835, 837 (1989) (applying the maxim that "equity aids the vigilant and diligent").

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**