22403

Lenet G. CREEL, Appellant, v. Katherine C. KING (Plaisted), Respondent, Nathaniel TOWNSEND, Appellant, v. Katherine C. KING, (Plaisted), Respondent, Stella TOWNSEND, Appellant, v. Katherine C. KING (Plaisted), Respondent, Ethel EDWARDS, Appellant, v. Katherine C. KING (Plaisted), Respondent.

(336 S. E. (2d) 480)

Supreme Court

*W. McAlister Hill,* Ravenel, and *Gedney M. Howe, III,* Charleston, *for appellants.*

*Gary L. Cartee,* of *Sinkler, Gibbs & Simons,* Charleston, *for respondent.*

Heard Oct. 9, 1985.

Decided Nov. 8, 1985.

*Per Curiam:*

The appellants, Lenet G. Creel, Nathaniel Townsend, Stella Townsend, and Ethel Edwards have appealed the order of the trial judge consolidating their four cases for trial over their objection as well as over the objection of the respondent, Katherine C. King (Plaisted).

Each appellant filed a separate Summons and Complaint alleging injuries and damages arising out of an automobile accident which occurred on February 3, 1982, in Charleston, South Carolina. The appellants were occupants of an automobile which, while waiting in traffic, was allegedly struck from behind by an automobile driven by the respondent. When the first case was called for trial, in order to facilitate the administration of justice, the trial judge ordered that all four cases arising out of this accident be consolidated. At the close of the trial, the jury returned a verdict for the respondent in each of the four cases. This appeal followed.

This court has recognized that when a personal tort has been committed against several individuals, but no joint injury or damage has been sustained, the rights of the individuals are several and each injured party has a substantial right to maintain a separate action. *McKinney v. Greenville Ice And Fuel Company,* 232 S. C. 257, 101 S. E. (2d) 659 (1958), *Bishop v. Bishop,* 164 S. C. 493, 162 S. E. 756 (1932), *Griffin v. Southern Railroad Company,* 65 S. C. 122, 43 S. E. 445 (1903).

In consolidating these four cases for trial over the objections of both parties, the trial judge deprived each appellant of a substantial right.[1]

---

[1] Under Rule 42(a), S.C.R.C.P., a trial judge may now consolidate cases for trial over a party's objection. This rule was not in effect at the time these cases came to trial.

The trial judge's order for consolidation is hereby reversed and these four cases are remanded for new trials.

Reversed.