22466

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant
v. Reather P. ARNOLD, Respondent.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant
v. W. W. PEAGLER, Jr., and Cooper River Federal
Savings and Loan Association, Respondents.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant
v. Effie P. CAUSEY, Respondent.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant
v. Jacob W. PEAGLER, Respondent.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant
v. J. Perry PEAGLER, Respondent.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Appellant v.
Hubert M. PEAGLER, a/k/a Monroe Peagler, Respondent.

(340 S. E. (2d) 535)

Supreme Court

---

*E. McLeod Singletary, Celeste Tiller Jones*, both of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble*, Columbia, *Donald M. Holler* and *Charles L. Terry, III*, Moncks Corner, *for appellant.*

*E. Markley Dennis, Sr.*, of *Dennis & Dennis*, Moncks Corner, *A. Camden Lewis* and *W. Davies Merry, III*, Columbia, *for respondents.*

Heard Dec. 17, 1985.

Decided Feb. 5, 1986.

GREGORY, Justice:

Appellant South Carolina Public Service Authority appeals the award in these six consolidated condemnation actions. We reverse and remand.

These actions were commenced separately against respondents, six adjacent landowners. The landowners moved to consolidate the actions for trial and the motion was granted. Appellant filed a notice of intent to appeal. Respondents moved in this Court to dismiss the appeal on the grounds that the consolidation order was interlocutory and not appealable. That motion was granted, and appellant filed a petition for rehearing and reconsideration. The remittitur was stayed pending consideration of the petition.

Prior to the denial on the petition and issuance of the remittitur, the case was called for trial. The trial was completed five days before the remittitur was issued. The trial judge issued his order awarding compensation, and this appeal followed.

Appellant first argues the lower court was without jurisdiction to try the case prior to this Court's issuance of the remittitur, since the filing of the notice of intent to appeal

vested this Court with exclusive jurisdiction. Although this is the general rule, the instant case falls within a recognized exception.

Where an order is interlocutory, and thus not appealable, the notice of intent to appeal does not transfer jurisdiction to this Court, nor does it stay further proceedings in the lower court. *State v. Dingle*, 279 S. C. 278, 306 S. E. (2d) 223 (1983); *Crout v. S. C. Nat. Bank*, 278 S. C. 120, 293 S. E. (2d) 422 (1982). Since this Court granted respondents' motion to dismiss on the grounds that the consolidation order was interlocutory, and not appealable, the Circuit Court never lost jurisdiction and properly proceeded to trial. Therefore, appellant's first argument fails.

Next, appellant contends it was error to consolidate the cases for trial. We agree.

Prior to July 1, 1985,[1] actions at law could not be consolidated absent consent of all parties. *Creel, et al. v. King*, 336 S. E. (2d) 480 (S. C. 1985); *McKinney v. Greenville Ice and Fuel Co.*, 232 S. C. 257, 101 S. E. (2d) 659 (1958); *Shuler v. Swift & Co.*, 183 S. C. 140, 190 S. E. 447 (1937).

Respondents contend a condemnation action is a "special proceeding" rather than an action at law. While this classification is correct, it appears that it was made simply to distinguish condemnation actions from other actions at law. It did not create a fully separate classification. *See Jennings v. Sawyer*, 182 S. C. 427, 189 S. E. 746 (1937). Clearly, a condemnation action is an action at law. *See Milhous v. State Hwy. Dept.*, 194 S. C. 38, 8 S. E. (2d) 852 (1940); *Chick Springs Water Co., Inc. v. State Hwy. Dept.*, 159 S. C. 481, 157 S. E. 842 (1931); *See also* 6 *Nichols on Eminent Domain* 24.0 [i] (1985).[2] Therefore, the trial judge erred in consolidating these actions.

---

[1] This case was tried prior to the adoption of the South Carolina Rules of Civil Procedure, which would permit the consolidation of these actions. *See* S.C.R.C.P. 42(a).

---

[2] Respondents seek to distinguish *Milhous* and *Chick Springs* because they were inverse condemnation actions. This is a distinction without a difference.

Appellant's remaining exceptions deal primarily with evidence of just compensation. Since our reversal on the consolidation issue will require separate retrials, any determination of the remaining issues would be premature. The case is, accordingly,

Reversed and remanded.

NESS, C. J., and CHANDLER and FINNEY, JJ., concur.

BRUCE LITTLEJOHN, Acting Associate Justice, concurs.

HARWELL, J., not participating.