593 S.E.2d 146

BALDWIN CONSTRUCTION COMPANY, INC., Respondent,

v.

Barry P. GRAHAM and Terry D. Graham d/b/a The
Auto Tech and Centura Bank, Defendants,

of whom Barry P. GRAHAM and Terry D. Graham
d/b/a The Auto Tech, are the Petitioners.

No. 25781.

Supreme Court of South Carolina.

Heard Nov. 19, 2003.

Decided Feb. 2, 2004.

Kevin Michael Hughes, of N. Myrtle Beach, for Petitioners.

J. Jackson Thomas and Mark A. Bruntey, both of Thompson & Henry, P.A., of Myrtle Beach, for Respondent.

Justice PLEICONES:

Baldwin Construction Company (respondent) filed suit against the Grahams (petitioners). Petitioners, after initially responding *pro se,* retained counsel and moved to be allowed to file an amended answer, set-offs, and counterclaims. In connection with this motion, counsel also moved for a jury trial. The motions were denied. The Court of Appeals affirmed this denial in an unpublished opinion. *Baldwin Const. Co., Inc. v. Graham,* Op. No.2002–UP–509 (S.C. Ct. App. filed July 30, 2002). Petitioners sought a writ of certiorari, which we granted. We vacate the Court of Appeals' opinion because the interlocutory order is not immediately appealable.

## *FACTS*

On September 2, 1998, respondent filed suit against petitioners alleging causes of action for foreclosure of a mechanic's lien, breach of contract, and quantum meruit. Petitioners wrote respondent a letter dated September 30, 1998, which was construed by respondent as a *pro se* answer to the summons and complaint. Petitioners did not appear for scheduled depositions that were to take place in December 1998. Respondent moved for sanctions pursuant to Rule 37, SCRCP. The petitioners were sanctioned in May 1999. Petitioners submitted to the taking of their depositions in June 1999, under threat of further sanctions.

Petitioners subsequently retained counsel and on October 1, 1999, their attorney moved to permit filing of an amended answer, set-offs, and counterclaims. In connection with this motion, counsel also moved for a jury trial. The motions were

denied. In his order denying petitioners' motions, the judge stated:

> The [petitioners'] motions come over a year after the filing of the Summons and Complaint, after the failure of the [petitioners] to cooperate in discovery, after their sanction for such failure, and after their depositions were taken in the case only under threat of further sanction. Moreover, the requested pleading would assert counter-claims and set-offs on multiple theories not previously at issue, and would entitle [petitioners] to trial by jury on certain of the claims when request for jury trial had not been previously made. The interjection of the new matter would require additional discovery by [respondent] including the re-deposing of the [petitioners].
>
> Under the circumstances, I find the relief requested by [petitioners] to be unduly prejudicial to the [respondent], and that the [petitioners] simply are not entitled, as a matter of the Court's discretion to substantially change the parameters and issues involved in the lawsuit at this late date.

## ISSUE

Is an order denying a motion to amend an answer directly appealable?

## ANALYSIS

■ The Court of Appeals held the order denying the motion to amend an answer was immediately appealable. We disagree.

In this case, petitioners requested a jury trial based on allegations in their *proposed amended answer*. The Court of Appeals stated that petitioners' "amended answer asserted several counterclaims and set-offs including a cause of action for breach of contract, which is an action at law and petitioners were therefore entitled to a jury trial as a matter of right *pursuant to their amended answer*." (emphasis supplied). The Court of Appeals stated that "in order to preserve their right to a jury trial, [petitioners were] required to immediately appeal the order denying the motion to amend their answer and request for a jury trial *based on the claims asserted in this amended answer*." (emphasis supplied). However, this

reasoning "puts the cart before the horse." Instead of deciding whether an order denying a motion to amend an answer is appealable, the Court of Appeals focused on whether the not-yet-amended answer would ultimately lead to a jury trial.

■ "Absent some specialized statute, determining if an interlocutory order is immediately appealable depends on whether the order falls within one of the several categories of appealable judgments, decrees, or orders listed in S.C.Code Ann. § 14–3–330 (1976 & Supp. [2002] )." *Woodard v. Westvaco Corp.*, 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995), *overruled on other grounds Sabb v. South Carolina State University*, 350 S.C. 416, 567 S.E.2d 231 (2002). We decide, then, whether an order denying a motion to amend an answer is immediately appealable under S.C.Code Ann. § 14–3–330.

Under Section 14–3–330(2), this Court may "review upon appeal (2)[a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action." The only subsection that might conceivably be implicated by the order denying petitioners' request to be allowed to file an amended answer is subsection (c). In *Jefferson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 368 S.E.2d 456 (1988), this Court held that an order denying a party's motion to file a late answer was a not directly appealable. The Court reached this conclusion because the trial judge did not rule on the substantive contents of the answer, nor did the order strike a pleading, *but refused to allow its filing.* This case is similar, as the judge did not strike a pleading but refused to allow its filing. Petitioners have not "arrived at the end of the road" and will be able to appeal the decision after the trial is finished. *Mid–State Distributors, Inc. v. Century Importers, Inc.*, 310 S.C. 330, 426 S.E.2d 777 (1993).

We dismiss the appeal without prejudice to a right to appeal from a final judgment. The decision of the Court of Appeals is

**VACATED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.