THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Southern Sales and Marketing Group, Inc. d/b/a Southern Patio,
Appellant,
v.
AMCO Construction Co., Inc., Respondent.
 
 
 

Appeal From Orangeburg County
 James C. Williams, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-278
Submitted June 1, 2006  Filed June 13, 2006

APPEAL DISMISSED

 
 
 
Richard B. Ness, Daniel W. Luginbill, of Bamberg; for Appellant.
John Whitfield Davidson, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Southern Sales and Marketing Group, Inc., d/b/a Southern Patio (Southern Patio) appeals the circuit courts order denying its motion to amend its Complaint.  In the motion, Southern Patio sought to add the president of AMCO Construction Company, Inc. (AMCO) as an individual defendant.  Because we find the circuit courts order is interlocutory and not immediately appealable, we dismiss the appeal. [1]
FACTS
In October 2003, AMCO submitted a bid, which Southern Patio accepted, for the preparation and removal of five transformers from the second floor mezzanine level of a former textile plant that was recently purchased by Southern Patio.  During discussions surrounding the project, the parties agreed the oil contained within the transformers needed to  be pumped out and transported separately in fifty-five gallon drums. 
After the job was awarded, AMCO obtained a Material Safety Data Sheet to determine what type of oil or other substance the transformers contained.  A review of this data sheet revealed that the oil contained polychlorinated biphenyls, or PCBs.  As a result, AMCO employees wore protective suits, gloves, eye protection, and respirators during the removal process.  During this process, AMCO employees spilled oil on the floor in an area surrounding the transformers.  A crane operator, hired to remove the barrels and transformers from the loading dock to the transportation truck, noticed the oil spill and alerted AMCO employees, including James Evans, the president of AMCO.  As a result of the oil spill, the Environmental Protection Agency (EPA) was contacted to assess the situation.  After its inspection, the EPA imposed fines against Southern Patio and required decontamination of all affected areas.  Southern Patio contracted with a third-party company to complete the clean-up process.
On April 13, 2004, Southern Patio filed a Complaint against AMCO in which it asserted causes of action for negligence, breach of contract, and equitable indemnity.  In its Answer, AMCO generally denied the allegations and counterclaimed for payment of work performed.
During discovery, Southern Patio deposed Evans and Neil Noland, an employee of the clean-up company.  Based on these depositions, Southern Patio filed a motion on August 29, 2005, pursuant to Rule 15(a), SCRCP, in which it sought to amend its Complaint to add Evans as an individual defendant.  In its motion, Southern Patio contended that Evans had taken several steps individually for which he should be personally liable, in addition to AMCO Constructions vicarious liability for the acts of its employees.  Specifically, Southern Patio claimed Evans did not review the Material Safety Data Sheet until after the job was awarded and just hours prior to beginning the process of pumping out the PCB oil.  Additionally, Southern Patio asserted that Evans made the decision to remove the oil from the transformers, a decision Noland opined was outside the accepted practice in the industry.  
AMCO opposed the motion, arguing any action taken by Evans regarding the project was solely in his [corporate] capacity as the president and an employee of AMCO Construction.  AMCO also expressed its belief that Southern Patio was only attempting to add Evans as a defendant because they are concerned about AMCOs ability to pay a judgment, if one is obtained.  AMCO contended that the proper procedure would be for Southern Patio to institute an action to pierce the corporate veil if it obtained a judgment.
The circuit court held a hearing on Southern Patios motion.  By order dated October 20, 2005, the court denied the motion.  In ruling on the motion, the court found Southern Patio failed to allege that the actions of Mr. Evans were undertaken in his personal capacity. The court further found there were no actions complained of that would suggest any personal duty of Mr. Evans which he owed to the Plaintiff.  The court also stated, the torts alleged in the Complaint relate to the spilling of transformer oil and there is no allegation that Mr. Evans personally spilled the oil or directed or sanctioned the spilling of the oil.  As such, there is no ground for adding Mr. Evans as a party to this case.  Finally, the court held AMCO and Evans would be prejudiced by the late amendment given the case was on the roster for the term of court beginning on October 31, 2005.        This appeal followed.
DISCUSSION
I.
As a threshold issue, Southern Patio argues the circuit courts order denying its motion to amend is immediately appealable because it made a determination of the merits of the case and affected a substantial right.  We disagree.[2] 
The right of appeal arises from and is controlled by statutory law.  An appeal ordinarily may be pursued only after a party has obtained a final judgment.  Hagood v. Sommerville, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005) (citations omitted).  An order which does not finally end a case or prevent a final judgment from which a party may seek appellate review usually is considered an interlocutory order from which no immediate appeal is allowed. 
Id. at 195, 607 S.E.2d at 709.
Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within S.C. Code Ann. § 14-3-330.  Edwards v. Suncom, Op. No. 26148 (S.C. Sup. Ct. filed May 15, 2006) (Shearouse Adv. Sh. No. 19 at 21, 22).  This section provides:

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;
(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an
appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;
(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and
(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

S.C. Code Ann. § 14-3-330 (1977 & Supp. 2005) (emphasis added).  
In the instant case, Southern Patio contends the circuit courts order effectively determined the merits of its cause of action against Evans and affected a substantial right.  Thus, we confine our analysis to sections 14-3-330(1) and (2)(a).
In terms of these specific sections, our supreme court has explained what constitutes an intermediate order involving the merits and affecting a substantial right as follows:

An order which involves the merits is one that must finally determine some substantial matter forming the whole or a part of some cause of action or defense.  Mid-State Distribs., Inc., 310 S.C. at 334, 426 S.E.2d at 780.  Interlocutory orders affecting a substantial right may be immediately appealed pursuant to § 14-3-330(2).  Orders affecting a substantial right discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense. Id. at 335 n.4, 426 S.E.2d at 780 n.4. 

Ex Parte Wilson, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005).
In analyzing this case, we find guidance from the above-outlined principles as well as our supreme courts decision in Baldwin Construction Company, Inc. v. Graham, 357 S.C. 227, 593 S.E.2d 146 (2004).  In Baldwin, the construction company filed suit against the Grahams for foreclosure of a mechanics lien as well as related causes of action.  The Grahams sent a letter to the construction company in which they responded to the allegations.  After retaining counsel, the Grahams moved for permission to file an amended Answer with set-offs and counterclaims.  In conjunction with this motion, the Grahams counsel also requested a jury trial.  The circuit court denied the motions on the ground the relief requested would be unduly prejudicial.  Id. at 229, 593 S.E.2d at 147.  Our supreme court dismissed the appeal on the ground that it was interlocutory and not immediately appealable.  Id. at 230, 593 S.E.2d at 147.  In reaching this conclusion, the supreme court found the circuit court did not rule on the substantive contents of the answer, nor did the order strike a pleading.  Id.  Instead, our supreme court found the circuit court merely refused to allow the Grahams to file the answer.  In light of this procedure, our supreme court concluded the denial of the Grahams motion to amend their Answer was not immediately appealable because the Grahams would still be able to appeal the decision at the conclusion of the trial.  Id. at 230, 593 S.E.2d at 147-48.  
Although we recognize the facts of the instant case are slightly different from those in Graham, we nevertheless find the decision instructive.  We believe the two cases differ in that the circuit court in this case appeared to rule on the substantive contents of the amended complaint whereas the circuit court in Graham only refused to allow the filing of the amended Answer.  This distinction does not dissuade us from relying on the analysis in Graham.  In the present case, the circuit court may have gone a step further than the court in Graham in that it discussed the allegations against Evans.  However, the ultimate result in the two cases was the same, i.e., the courts decision, like the court in Graham, refused Southern Patios request to file an amended pleading.  Thus, the order neither finally determined a substantial matter forming the whole or part of a some cause of action or defense nor discontinue[d] an action, prevent[ed] an appeal . . . or [struck] out an action or defense.  Ex parte Wilson, 367 S.C. at 13, 625 S.E.2d at 208.  Accordingly, we conclude the circuit courts order is not immediately appealable.  See Tatnall v. Gardner, 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct. App. 2002) (holding trial courts order denying defendants motion to amend her answer to assert third-party claims was not immediately appealable because order neither determine[d] a substantial matter forming the whole or part of some cause of action, nor prevents a judgment from being rendered in the action from which [defendant] could then seek review); cf. Collins v. Sigmon, 299 S.C. 464, 466, 385 S.E.2d 835, 836 (1989) (An order permitting amendment of pleadings is interlocutory and generally is not appealable until final judgment.). 
II.
Although we decline to rule on Southern Patios remaining issues, we deem it necessary to address Southern Patios legitimate concern that it will be barred in the future from alleging any individual action against Evans in light of the circuit courts rulings.  
Based on our review of the order, we find the circuit court did not make a final determination regarding the merits of the action alleged against Evans in his individual capacity.  Instead, we believe the language used by the court indicated that it focused exclusively on the allegations in Southern Patios Complaint and did not delve into the merits.  In addition to the specific language in the order, we also find significant that the court made its decision based on a scant record and did not have before it any conclusive evidence regarding Evanss individual capacity.[3]  Furthermore, the court did not deny the motion solely on the allegations against Evans but also found the late amendment would be prejudicial to AMCO.  Therefore, we find Southern Patio is not precluded from alleging, at the procedurally appropriate time, a cause of action against Evans in his individual capacity.  See Collins, 299 S.C. at 466, 385 S.E.2d at 836 (A motion to amend an Answer should be contested primarily by procedural arguments, not arguments concerning the substance and merits of the counterclaims and/or defenses proposed . . . It follows that the trial judge should generally not consider these substantive arguments at the mere amendment stage.); Pruitt v. Bowers, 330 S.C. 483, 488, 499 S.E.2d 250, 253 (Ct. App. 1998)(declining to rule on interlocutory order where trial court had not had an opportunity to rule on the sufficiency of the allegations in the pleadings and stating [a]rguments going to the legal merits of the proposed pleadings are better taken up in the context of a Rule12(b) motion to dismiss or a Rule 56, SCRCP, motion for summary judgment).
Based on the foregoing, Southern Patios appeal is dismissed without prejudice.
 APPEAL DISMISSED.   
HUFF, STILWELL, and BEATTY, JJ., concur.  

[1]   Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]   Southern Patio raises two other issues on appeal.  Because we believe the first issue is dispositive, we address only that issue.  
[3]   Southern Patio appears to recognize the limited record given it informed this court that several depositions were not submitted to the circuit court based on the procedural posture of its motion to amend pursuant to Rule 15, SCRCP.