THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Eddie Wayne Eldridge, Charles Louis Beaudrot, Russie Beaudrot Young, Bernard H. Padgett, Homer Charles Walker, and Ray F. Stewart, individually, and on behalf of a class of plaintiffs similarly situated, and Herbert Malcolm Crum, individually, and on behalf of a class of plaintiffs similarly situated, Appellants/Respondents.
 v.
 SC Department of Transportation, Respondent/Appellant.
 
 
 

Appeal From Greenwood County
Honorable Robert M. Erwin, Jr., Special Referee

Unpublished Opinion No. 2007-UP-351
Heard February 7, 2007  Filed July 11, 2007   

AFFIRMED              

 
 
 
 J. Kendall Few, of Greer and Thomas E Hite, Jr., of Abbeville, for Appellants-Respondents.
 George P. Callison, Jr. of Greenwood, for Respondent-Appellant.
 
 
 

PER CURIAM:  This action was originally filed in 1986 concerning the former right-of-way owned by Southern Railway in and near the City of Greenwood.  The plaintiffs (hereinafter referred to as the property owners) brought suit seeking a declaratory judgment as to the abandonment and ownership of the right-of-way, to quiet title, and to determine damages for the taking of the abandoned right-of-way.  The first two actions were previously decided, and this cross-appeal involves only the determination of damages by the Special Referee for the taking of property by the South Carolina Department of Transportation (SCDOT).  We affirm.
FACTS[1]
The property owners sought damages related to two projects initiated by SCDOT in the former right-of-way abandoned by Southern Railway.  The first project (the 1986 project) consisted of two main areas: 1) the portion of the right-of-way which currently is situated between two existing roadways (Property Between The Roads); and 2) property directly adjacent to the existing landowners (Adjacent Property).  The second project (Calhoun Road Project) consisted of eighteen tracts located within the abandoned right-of-way along Calhoun Road.  The property owners consisted of two classes:  the current property owners along the right-of-way, and the heirs of the original landowners at the time the right-of-way was acquired by the railroad.
Prior to trial, the parties stipulated to the number of square feet involved in the projects, the certification of the class, the interest rate to be charged, and the division among former and current property owners.  A hearing was held before the special referee and both sides presented expert testimony regarding the value of the property taken by SCDOT.
During the hearing, the property owners appraiser concurred in the valuation established by SCDOTs appraiser for the adjacent property.  The Adjacent Property was valued at $3.50 per square foot.  The property owners appraiser then testified the Property Between The Roads should be reduced by no more than fifty percent of the value of the Adjacent Property.  In other words, he testified the Property Between The Roads should be valued at no less than $1.75 per square foot.
The property owners appraiser also testified regarding the valuations established for the Calhoun Road Project.  He testified the values used by SCDOT for the residential properties were accurate and fair.  However, he believed the values for commercial property were understated.  He testified that when looking at zoning classifications, some commercial property sold for $4.25 per square foot, while property in a prime location sold for $8.50 per square foot.  He admitted he did not perform an individual appraisal of each property to be considered for valuation.  Instead, he stated he looked at the general location and the zoning classification and derived his value based on those general classifications.  Finally, the property owners appraiser admitted it would be much more desirable to do an individual appraisal on each property instead of the mass appraisal based on zoning classification. 
 
In regards to the Property Between The Roads, the property owners appraiser admitted no buildings could be built on the property, but suggested it could be beautified and used for signs to attract attention to the businesses across the street.  However, he admitted he did not know whether or not a sign could be placed on the Property Between The Roads due to Greenwood County ordinances.
SCDOTs appraiser testified in detail regarding his method for analyzing and valuing the individual properties.  He stated that the Property Between The Roads had no economic value to the landowners.  He stated that based on his understanding, no signs could be erected on the property, and it could not be used for anything to generate value.  The appraiser stated the owners only had liabilities associated with owning the property.
Additionally, SCDOTs appraiser testified regarding his appraisal of the individual properties in the Calhoun Road Project.  In contrast to the property owners appraiser, SCDOTs appraiser compared each property based on previous sales instead of just considering them based on their zoning.  His analysis showed values ranging from approximately $1.21 per square foot to $2.77 per square foot.
After the hearing, the ordinances relevant to the issue of whether a sign may be erected on the Property Between The Roads were entered into evidence, and each side was able to submit letters regarding the application of the ordinances.  The ordinance sets forth specific requirements for permanent on premises identification signs for which a permit is required.
The referee ruled the Property Between The Roads could not house signs because they were not on the same premises owned by the landowners, were not adjoining or contingent to the property on which the business was located, and were not on property with the same ownership as the property on which the businesses were located.  As a result, the referee found no compensation was required for the Property Between The Roads.  The court also found the Adjacent Property should be valued at a total of $198,278.63.
Finally, the court set forth the values of the individual properties involved in the condemnation for the Calhoun Road Project.  The court utilized the values set forth by SCDOTs appraiser for all of the properties except the commercial properties.  For the commercial properties, the court found a value between that offered by SCDOT and the value proposed by the property owners appraiser.  The commercial property values ranged from $2.00 to $5.00.  Neither party filed a motion to alter or amend the judgment pursuant to Rule 59, SCRCP.  This cross-appeal followed.
STANDARD OF REVIEW
An action to recover damages resulting from the condemnation of property is an action at law.  See South Carolina Pub. Serv. Auth. v. Arnold,  287 S.C. 584, 586, 340 S.E.2d 535, 537 (1986).  In an action at law, tried by a judge without a jury, the findings of the trial court must be affirmed if there is any evidence to reasonably support them.  Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
LAW/ANALYSIS
I.  Property Owners Appeal
The property owners raise two main arguments: 1) the referee incorrectly ruled the Property Between The Roads could not be used for the purpose of erecting identification signs; and 2) the referee failed to establish some value for the Property Between the Roads.  We disagree.
A.  Signs
The property owners maintain the Property Between The Roads was on the premises of their businesses because it was either adjacent to or conjoining their property.  As a result, they argue the Property Between The Roads is available for their use to place identification signs and the Greenwood County ordinance would not prohibit the erection of signs on the property.  We disagree.

 The Greenwood County ordinance states:
 
 (d) Permanent on premises identification signs for which a permit is required:  One (1) free-standing identification sign 
 per lot for each 100 feet, or fraction thereof of street frontage over 200 feet, provided said signs shall . . . be located no closer than 5 feet from the nearest property line.  
 
 

(Emphasis added).
Regulations covering similar on premises signs define the term to mean:  any sign which is designed, intended or used to advertise or inform of the principal activity taking place, or the product being sold on the property where the sign is located.  25A S.C. Code Ann. Regs. 63-342 (Q) (Supp. 2006). 
 
The term on premises in the Greenwood County ordinance also requires the sign be placed on the same lot as the entity being advertised.  In this case, we must determine whether the Property Between The Roads is the same lot as the land upon which the property owners have entities they wish to advertise.
The order of Judge Macaulay from 1996, which is the subject of Eldridge II, states:  As to that portion of the former right-of-way covered by streets, highways, and sidewalks for more than 20 years prior to the filing of the Complaint in this case on October 1, 1986, the title lies in the City, County, and Highway Department.   Judge Macaulay continued:

 Upon extinguishment of the easement, for that portion of the former Railroad right-of-way which has 
 not been covered by streets, highways, sidewalks, or other roadway improvements for a period of 20 years prior to the filing of this suit in 1986 . . . the unencumbered fee resides in the original property owners at the time of acquisition of these rights-of-way by the Railroad or the adjacent property owners at the time of the abandonment of the Railroad right-of-way in January 1985, which issue is left for future determination.  
 

(Emphasis added).  These rulings by Judge Macaulay were not appealed by either party.  Accordingly, they have become the law of the case.  See Charleston Lumber Co. v. Miller Housing Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (unappealed ruling, right or wrong, is the law of the case).  Additionally, Judge Curetons opinion in Eldridge II noted:  The [order by Judge Macaulay] made rulings relative to the [SCDOTs] adverse possession of portions of the corridor, as well as to the [SCDOTs] independent acquisition of rights of way from adjoining property owners.  Eldridge II, 331 S.C. 398, 436, 503 S.E.2d 191, 211 (Ct. App. 1998).
Based on the above unappealed rulings by Judge Macaulay, SCDOT owns the portion of the land upon which the roads are situated.  Therefore, the Property Between The Roads is physically separated from the property owners other property by the roads.  Accordingly, the Property Between The Roads is not contiguous, adjacent, or adjoining the property owners other property upon which the business entity is situated.  See e.g., Young v. S.C. Dept of Hwys and Pub. Transp., 287 S.C. 108, 110 n. 1, 336 S.E.2d 879, 880 n. 1 (Ct. App. 1985) (stating on premise signs are located contiguous with the land occupied by the commercial or industrial activity.).  Concomitantly, the on premises sign ordinance would not allow a sign identifying the property owners business or other entity to be placed on the Property Between The Roads.  Accordingly, we find the referee correctly determined the Property Between The Roads could not be used for identification signs.
B.  Value of Property
The property owners contend the Property Between The Roads should have value because they could place signs on the property or, in the alternative, because it could be used for some purpose such as a parking space or a biking trail.  The property owners, therefore, assert some value should have been assigned to the property for purposes of the condemnation. 
 
The property owners fail to cite any supporting authority for the position, and all arguments made are merely conclusory statements.  As such, the property owners have abandoned the issue on appeal and it need not be addressed by this court.  See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994).
II.  SCDOTs Appeal
SCDOT maintains the referee erred in not accepting SCDOTs appraisers value for the commercial property condemned in the Calhoun Road Project because there was no other valid evidence presented in the record.  We disagree.
First, we note this issue is not preserved for review on appeal.  SCDOT is challenging the evidence presented in its issue on appeal.  However, the issue was never raised to the referee for his consideration.  SCDOT should have made a motion to alter or amend pursuant to Rule 59(e), SCRCP.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.) (citation omitted).
Even if the issue were properly raised to the referee, there is evidence in the record supporting the referees valuation.  The property owners appraiser testified that the property was worth between $4.25 and $8.50.  SCDOTs appraiser valued the property between $1.21 and $2.77.  The courts valuation placed a value on the property between $2.00 and $5.00.  Based on our standard of review, we find the range offered by the parties presents evidence supporting the referees conclusion that the value of the commercial properties fell within that range.
CONCLUSION
We hold the referee correctly determined the Property Between The Roads could not be the site of identification signs used by the property owners due to the restrictions in the Greenwood County Ordinances.  We conclude, due to a failure to cite any supporting authority, the property owners have abandoned the issue which alleged error in finding the Property Between The Roads had no value for compensation purposes.  Finally, we determine the valuation placed on the commercial property condemned in the Calhoun Road Project was appropriate.  Accordingly, the decision of the referee is
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] For a thorough discussion of the background of this action refer to Eldridge v. City of Greenwood, 300 S.C. 369, 388 S.E.2d 247 (Ct. App. 1989), and Eldridge v. City of Greenwood, 331 S.C. 398, 503 S.E.2d 191 (Ct. App. 1998) (Eldridge II).