THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Commissioners of Public Works of the Town of Mount Pleasant, South Carolina, Respondent,
 v.
 Joseph B. Foreman, Pressley T. Foreman, Mary Alice Foreman
 Jackson, Joseph Christopher Foreman, Jr., Louise Foreman Frasier, Yvonne V.
 Foreman, Carl F. Foreman, Michael J. Foreman, Jackie R. Foreman, Ulysses C.
 Foreman, and Sharon E. Foreman, Appellants.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity
Unpublished Opinion No. 2007-UP-492
Submitted October 1, 2007  Filed October
 15, 2007
AFFIRMED

 
 
 
 Arthur C. McFarland, of Charleston, for
 Appellants.
 Donald G. Jennings and James A. Bruorton, IV, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  In
 this condemnation proceeding for a water and sewer easement, the owners of the
 condemned property appeal the determination of just compensation by the Master-in-Equity. 
 We affirm.[1]
FACTS
Appellants own four tracts of land in Mount Pleasant, South Carolina, which they inherited from their parents.  Although the tracts are adjacent
 to each other, they are separately platted and have never been merged together. 
 
On December 13, 2004, the Commissioners of Public Works of the
 Town of Mount Pleasant (CPW) served Appellants with a condemnation notice and
 tender of payment for a proposed water and sewer easement on 1,920 square feet
 of one of Appellants tracts (parent tract).  Appellants failed to challenge CPWs
 right of condemnation; therefore, the matter was referred to the Master solely
 for a determination of just compensation.  The Master found just compensation
 for the easement to be $6,144.00.  This appeal followed.
STANDARD OF REVIEW
A
 condemnation action is an action at law.  S.C. Pub. Serv. Auth. v. Arnold,
 287 S.C. 584, 586, 340 S.E.2d 535, 537 (1986).  In an action at law, tried
 without a jury, the appellate courts standard of review extends only to the
 correction of errors of law.  Temple v. Tec-Fab, Inc., 370 S.C.
 383, 387, 635 S.E.2d 541, 543 (Ct. App. 2006).  Furthermore, the findings of
 fact of the trial court will not be disturbed on appeal unless found to be
 without evidence reasonably supporting them.  Townes Assocs., Ltd. v. City
 of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). 
LAW/ANALYSIS
Appellants argue
 the award of $6,144.00 as just compensation for the condemnation of their land
 was insufficient.   Specifically, they contend that the Master erred in failing
 to consider the condemned tract is one of four contiguous tracts that they own
 and that, for purposes of determining just compensation, all four tracts should
 have been considered as a single parcel for the total bundle of rights that
 would have been lost as a result of the easement.  We disagree.
A
 condemnor may commence an action . . . for the acquisition of an interest in
 any real property necessary for any public purpose.  S.C. Code Ann. § 28-2-60
 (2007).  Determination of fair market
 value is a question of fact.  Payne v. Holiday Towers, Inc., 283 S.C.
 210, 215, 321 S.E.2d 179, 182 (Ct. App. 1984).  
During
 the hearing before the Master, Gary Pruitt testified for CPW as an expert in
 the field of real estate appraisal.  Appellants did not object to Pruitt as an
 expert, and they neither moved to strike any portion of his testimony nor objected
 to the introduction of the appraisal he performed for CPW.
In
 determining the fair market value of the parent tract, Pruitt relied on the
 selling price values of four similarly situated tracts of land as comparables. 
 These tracts were selected by Pruitt according to their frontage on a
 secondary road akin to the road on which the parent tract fronted.  Based on
 these comparables, all of which were sold within four years of the appraisal in
 question, Pruitt determined the parent tract was worth $10.00 per square foot.  On
 cross-examination, Pruitt admitted any comparable property that was sold in
 closer proximity to the time of the appraisal would reasonably be considered a
 better indication of the true value of the parent tract.  Furthermore,
 Appellants questioned Pruitt about the sale of one neighboring tract of land
 that was sold within four weeks after the date of the appraisal and a second,
 adjoining tract of land that fronted on a primary road and was sold within four
 months after the appraisal.  Both of these sales supported a higher valuation
 of the parent tract.  
In
 explaining how he arrived at his value, Pruitt testified the common practice in
 the appraisal field was to assign a percentage of encumbrance factor in determining
 the fair market value of an easement that does not rise to the level of a total
 condemnation.  Admitting the lack of a particular formula to determine this
 factor, Pruitt testified he examined the bundle of rights held by Appellants,
 as compared to the amount of that bundle Appellants would be forced to
 relinquish because of the easement.  Based on this analysis and his previous
 experience as an appraiser, Pruitt determined Appellants loss from the
 easement resulted in a twenty-percent reduction in the fee simple value of their
 land.    
Neither
 party disputes that the amount of land affected by the condemned easement is
 1,920 square feet.  Although in his appraisal Pruitt relied on the original
 estimate provided by CPW of 1,845 square feet, he admitted the final plat, which
 listed the square footage at 1,920, accurately reflected the amount of land
 affected by the easement.  
Appellant
 Mary Alice Foreman Jackson was the only witness testifying on behalf of
 Appellants.  Jackson testified she and her eight living siblings had inherited
 the four tracts of land, including the parent tract, from their parents and, as
 of the time of the hearing, the property was still divided into four separate
 tracts.  Jackson further testified regarding certain conversations Appellants
 had over the years regarding the tracts.  In those discussions, Appellants discussed
 retaining the property once they inherited it and eventually developing it into
 some form of commercial business.  Appellants put forth no evidence of
 preparations to merge or re-zone the property, but they nevertheless suggest
 the Master should have based the award of damages on their privately discussed
 plans.   
Jackson opined the fair market value of the water and sewer
 easement across the parent tract was approximately $39,000.00 to $45,000.00.  In
 order to arrive at this figure, Jackson relied on the comparables from Pruitts
 appraisal, advice of Appellants counsel, and her knowledge of the general
 housing trends and prices in the Mount Pleasant area.  
It
 is a general rule in South Carolina that a landowner is qualified by
 the fact of ownership to give his or her estimate
 of the value of damaged real and personal property.  Hawkins
 v. Greenwood Dev. Corp., 328 S.C. 585, 594-95, 493 S.E.2d 875, 880 (Ct. App.
 1997).  Jacksons estimate, however, is speculative conjecture as the tracts
 have not been merged and the property is still zoned residential.  Furthermore,
 although the parent tract was zoned for residential purposes at the time of the
 hearing, Pruitt assumed the zoning of the parent tract would be changed to
 commercial for the purposes of the highest and best use analysis in his
 appraisal.  
To
 determine just compensation,
 only the value of the property to be taken, any
 diminution in the value of the landowners remaining property,
 and any benefits as provided in § 28-2-360 may be considered.  S.C. Code Ann.
 § 28-2-370 (2007).[2]   The landowner, however, is entitled to the value of the
 property under its most advantageous or profitable use, including any use
 reasonably anticipated in the near future.  City of N. Charleston v. Claxton, 315 S.C. 56, 61, 431 S.E.2d 610, 613 (Ct. App. 1993).  In the final order, the Master did not rely entirely
 on the Pruitts valuation, but instead found the price per square foot
 attributable to the subsequent sale of the adjoining tract as more pertinent
 in determining the value of the subject property as of the date of the
 condemnation.  At $16.47, the price per square foot of the adjoining tract was
 sold for over $6.00 more per square foot than the figure that Pruitt
 recommended in his appraisal.  Accordingly, the Master used a comparable price
 per square foot of $16.00, for the determined easement area of 1,920 square
 feet, and applied an encumbrance factor of twenty percent to arrive at its
 determination of the fair market value of $6,144.00 for the condemnation of the
 property for the water and sewer easement.  Because
 evidence in the record supports this valuation, we affirm the Masters award of
 just compensation.
AFFIRMED.
ANDERSON and
 THOMAS, JJ., and GOOLSBY, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  Section 28-2-360, which is referenced in section
 28-2-370, provides that [i]n in any condemnation action, benefits to be
 derived from the proposed project including the value of any property or rights
 relinquished or reverting to the landowner as part of result thereof, must be
 taken into consideration in determining the amount of compensation and due
 allowance made for them.  S.C. Code Ann. § 28-2-360 (2007).