THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 County of
 Beaufort, a political subdivision of South Carolina, Appellant,
 
 
 

v.

 
 
 
 Towne Center,
 LLC, and First South Bank, Respondents,
 
 
 

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2011-UP-492    
 Heard November 1, 2011  Filed November 7,
2011

APPEAL DISMISSED

 
 
 
 D. Reese Williams, III, and Kathleen M.
 McDaniel, of Columbia, for Appellant.
 Howell V. Bellamy, Jr., and Robert T.
 Shelton, of Myrtle Beach, for Respondent Towne Center, LLC; and Jeffrey Silver,
 of Columbia, for Respondent First South Bank.
 
 
 

PER CURIAM:  In this condemnation action, the County of Beaufort
 (the County) appeals the trial court's denial of the County's motion to amend
 its condemnation notice.  The County argues the trial court abused its
 discretion in holding Towne Center, LLC and First South Bank (the Bank) would
 be prejudiced by the County's proposed amendment.  Towne Center and the Bank contest
 these arguments and raise additional sustaining grounds that the case is unappealable
 and moot.  We dismiss the appeal pursuant to Rule 220(b)(1), SCACR, and the
 following authorities: S.C. Code Ann. § 14-3-330(1),
 (2)(c) (1977) ("The Supreme Court shall have appellate jurisdiction for
 correction of errors of law in law cases, and shall review upon appeal: (1)
 Any intermediate judgment, order or decree in a law case involving the merits
 in actions commenced in the court of common pleas and general sessions, brought
 there by original process or removed there from any inferior court or
 jurisdiction . . . [and] (2)
 An order affecting a substantial right made in an action when such
 . . . (c) strikes out an answer or any part thereof or any pleading
 in any action."); Baldwin Constr. Co. v. Graham, 357 S.C. 227, 230,
 593 S.E.2d 146, 147 (2004) (holding an order denying a motion to amend a
 pleading was not immediately appealable because the trial court did not rule on
 the substantive contents of the pleading sought to be amended; rather, the
 trial court merely refused to allow the amended pleading's filing); Jefferson
 v. Gene's Used Cars, Inc., 295 S.C. 317, 318, 368 S.E.2d 456, 456 (1988) (holding
 an order denying a motion to file a late answer was not appealable because it
 neither involved the merits nor struck a pleading; the order ruled only that
 the appellants failed to show good cause and refused to allow the pleading's
 filing).
APPEAL
 DISMISSED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.