## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

The State, Respondent,

v.

Kendra Samuel, Petitioner.

Appellate Case No. 2013-000115

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Opinion No. 27498
Heard January 14, 2015 – Filed February 25, 2015

---

### VACATED

---

Richard A. Harpootlian, of Richard A. Harpootlian, P.A.,
and Graham L. Newman, of Chappell Smith & Arden,
P.A., both of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr.,both of
Columbia,  for Respondent.

---

**PER CURIAM:**    This matter is before the Court by way of a petition for a writ of certiorari to review the court of appeals' decision in *State v. Samuel*, 400 S.C. 593, 735 S.E.2d 541 (Ct. App. 2012), reversing the trial court's pre-trial order excluding a statement that Kendra Samuel (Petitioner) made to law enforcement in connection with a polygraph examination.  Because the trial court's ruling was not immediately appealable, we vacate the court of appeals' decision.

## FACTS/PROCEDURAL BACKGROUND

Petitioner was arrested and charged with homicide by child abuse after babysitting her friend's ten-week-old baby (the victim), who died as a result of Shaken Baby Syndrome.  Prior to arresting Petitioner, Columbia Police Department Investigator Joe Gray conducted a polygraph examination on Petitioner.  After Gray informed Petitioner that the results of the polygraph examination indicated deception, Petitioner provided a statement (Statement 1) in which she discussed injuries that occurred to the victim while in her care.  Subsequently, Petitioner provided four additional statements to various Columbia Police Department investigators and South Carolina Law Enforcement Division (SLED) agents providing similar information as she did in Statement 1.[1]

During pre-trial motions, Petitioner moved to suppress all of the statements she made to investigators, arguing that her statements were not knowing, voluntary, and admissible.  During a *Jackson v. Denno*[2] hearing, the trial court heard testimony from the investigators involved in Petitioner's case.  The trial court ultimately excluded Statement 1 based on its connection to Petitioner's polygraph examination, and admitted the remainder of Petitioner's statements.

In response, the State announced its intention to appeal the trial court's ruling regarding Statement 1, and the trial court concluded the hearing.  The State filed a Notice of Appeal in the court of appeals, contending that the trial court's suppression of Statement 1 substantially impaired its ability to prosecute the case.[3]

---

[1] The statements made subsequent to Statement 1 included a recorded statement, a handwritten three-page statement, and handwritten questions and answers (consisting of two separate statements).

[2] 378 U.S. 368 (1964).

[3] Petitioner filed a cross-appeal as to all of the statements the trial court allowed into evidence.  The court of appeals affirmed the trial court's admission of all

The court of appeals reversed the trial court's suppression of Statement 1. This Court granted Petitioner's petition for a writ of certiorari to review the court of appeals' decision pursuant to Rule 242, SCACR.

## LAW/ANALYSIS

"Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within [section] 14-3-330 [of the South Carolina Code]." *Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005) (citing *Baldwin Constr. Co. v. Graham*, 357 S.C. 227, 593 S.E.2d 146 (2004)). Under section 14-3-330(2)(a), an interlocutory order is immediately appealable if the order affects "a substantial right" and "in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action." S.C. Code Ann. § 14-3-330(2)(a) (1976).

In *State v. McKnight*, 287 S.C. 167, 168, 337 S.E.2d 208, 337 (1985), we held that "[a] pre-trial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case" is directly appealable under section 14-3-330(2) of the South Carolina Code.

The State contends that it had the right to immediately appeal the trial court's suppression of Statement1 pursuant to *McKnight*. We disagree. Petitioner's statements made subsequent to Statement 1 were admitted by the trial court. Because those statements supplied essentially the same information and confession as Statement 1, the suppression of Statement 1 did not significantly impair the prosecution's ability to try Petitioner's case.

Accordingly, we vacate the court of appeals' decision reversing the trial court's suppression of Statement 1 because the trial court's pre-trial order was not immediately appealable.

**VACATED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

statements other than Statement 1, holding that those statements were voluntary and admissible. *Samuel*, 400 S.C. at 604, 735 S.E.2d 547. Petitioner abandoned this issue on appeal to this Court.