**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christina Reece, Appellant.

Appellate Case No. 2013-000656

———————

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-022
Heard November 6, 2017 – Filed January 10, 2018

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Vann Henry Gunter, Jr., both of
Columbia, and William Walter Wilkins, III, of
Greenville, all for Respondent.

———————

**PER CURIAM:** Christina Reece appeals her conviction and sentence for felony
driving under the influence (felony DUI), arguing (1) the trial judge erred by
refusing to suppress the results of a warrantless, nonconsensual blood draw, (2) the

trial judge lacked subject matter jurisdiction over the trial because Reece appealed the trial judge's pretrial order finding probable cause for the blood draw and the remittitur had not been issued prior to trial, and (3) the trial judge erred by refusing to direct a verdict of acquittal when the State presented no evidence Reece was under the influence or appreciably impaired.  We affirm.

1.  We find Reece's argument that the trial judge erred in refusing to suppress the results of the blood draw because it violated the Fourth Amendment is unpreserved for this court's review.  The State requested a pretrial probable cause hearing seeking a determination as to whether law enforcement had probable cause to draw Reece's blood in a felony DUI case.  During this hearing, Reece never argued to the trial judge that the blood draw violated the Fourth Amendment.  Further, Reece did not object on Fourth Amendment grounds when the State moved to admit the results of the blood draw at trial.  *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[I]t is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *State v. Wannamaker*, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001) (finding an issue was "unpreserved because [the defendant] failed to make a contemporaneous objection" to the evidence); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

2.  We find the trial judge was not divested of jurisdiction notwithstanding Reece's appeal from the order finding probable cause because the order was interlocutory and not immediately appealable.  *See State v. Reece*, S.C. Sup. Ct. Order dated March 19, 2013 (footnote omitted) ("Since appellant has not been sentenced . . . any appeal is premature.").  Reece's trial commenced on March 19, 2013.  The remittitur was not returned until April 4, 2013.  Reece contends the trial judge did not have subject matter jurisdiction over her trial because the supreme court had not yet remitted the case to the circuit court.

We construe Reece's argument the trial judge did not have subject matter jurisdiction as an assertion the trial judge lacked power to render the judgment.  *See Limehouse v. Hulsey*, 404 S.C. 93, 104, 744 S.E.2d 566, 572 (2013) (noting "[t]he word 'jurisdiction' does not in every context connote subject matter jurisdiction"); *id.* ("[J]urisdiction is composed of three elements: (1) personal jurisdiction; (2) subject matter jurisdiction; and (3) the court's power to render the particular judgment requested." (quoting *Indep. Sch. Dist. No. 1 of Okla. Cty. v. Scott*, 15 P.3d 1244, 1248 (Okla. Civ. App. 2000))); *id.* ("Jurisdiction is generally

defined as 'the authority to decide a given case one way or the other. Without jurisdiction, a court cannot proceed at all in any cause; jurisdiction is the power to declare law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause.'" (quoting 32A Am. Jur. 2d *Federal Courts* § 581 (2007))); *Tillman v. Oakes*, 398 S.C. 245, 256 n.3, 728 S.E.2d 45, 51 n.3 (Ct. App. 2012) ("The reference in Rule[] 205[, SCACR,] . . . to the 'jurisdiction' of the [trial] court[] does not refer to subject matter jurisdiction. Rather, the rule[] govern[s] the circumstances under which the exclusive appellate jurisdiction Rule 205 grants to the appellate court deprives the [trial] court of the power to address a particular issue, or 'matter,' during the pendency of the appeal."). *See generally* Rule 205, SCACR ("Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal. . . . [However,] [n]othing in these Rules shall prohibit the [trial] court[] . . . from proceeding with matters not affected by the appeal.").

Reece contends the trial judge lacked jurisdiction to convict her because the remittitur was not issued until after her trial. We find the pretrial order was not immediately appealable. *See State v. Samuel*, 411 S.C. 602, 604, 769 S.E.2d 662, 663 (2015) ("Absent some specialized statute, the immediate appealability of an interlocutory . . . order depends on whether the order falls within [section] 14-3-330 [of the South Carolina Code]." (second and third alteration by court) (quoting *Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005))); *State v. Rearick*, 417 S.C. 391, 400, 790 S.E.2d 192, 196 (2016) ("Significantly, appellate court decisions that pre-date and post-date the enactment of section 14-3-330 have consistently held that a defendant may appeal only after sentence has been imposed."); *State v. Looper*, ___ S.C. ___, ___, 807 S.E.2d 203, 206 (2017) (holding because appellant "ha[d] not been convicted and sentenced, there ha[d] been no final judgment, and [because] no exception to the requirement of a final judgment . . . appli[ed] under the facts of [that] case, [the appellant's] appeal [was] premature"). Thus, Reece's filing of the notice of appeal from the order did not divest the trial judge of jurisdiction. *See State v. Hubbard*, 277 S.C. 568, 569, 290 S.E.2d 817, 817 (1982) (dismissing an appeal from the trial court's interlocutory order denying a motion to suppress, noting "[a]n appeal in a criminal case must attend the final judgment rendered on the indictment"); *see also State v. Dingle*, 279 S.C. 278, 282, 306 S.E.2d 223, 225 (1983) (holding because the order "[wa]s not appealable until final judgment [wa]s rendered, the trial court had continuing jurisdiction over the subject matter of the case"), *abrogated on other grounds by Horton v. California*, 496 U.S. 128 (1990). Accordingly, the remittitur was not necessary to return full jurisdiction to the trial judge because the trial judge was never divested of jurisdiction. *See S.C. Pub. Serv. Auth. v. Arnold*, 287 S.C. 584,

586, 340 S.E.2d 535, 536 (1986) ("Where an order is interlocutory, and thus not appealable, the notice of intent to appeal does not transfer jurisdiction to this [c]ourt, nor does it stay further proceedings in the [trial] court."); *id.* at 585-86, 340 S.E.2d at 536 (holding "the [trial court] never lost jurisdiction and properly proceeded to trial" notwithstanding "[t]he trial was completed five days before the remittitur was issued" because the supreme court dismissed the appeal on the basis that the order appealed from "was interlocutory, and not appealable").

3.  We affirm the trial judge's denial of Reece's motion for directed verdict.  Reece conceded at trial and concedes on appeal that the sole issue before the trial judge was whether she was under the influence of drugs at the time of the accident.  *See* S.C. Code Ann. § 56-5-2945(A) (2017) ("A person who, while under the influence of alcohol[ or] drugs, . . . drives a motor vehicle and . . . does any act forbidden by law or neglects any duty imposed by law in the driving of the motor vehicle, which act or neglect proximately causes great bodily injury . . . to another person, is guilty of the offense of felony [DUI] . . . .").

At trial, the State presented the testimony of an expert forensic toxicologist who testified the therapeutic range for methamphetamine is at a concentration of .02 to .05 milligrams per liter, and Reece's blood contained methamphetamine at a concentration of .29 milligrams per liter.  The toxicologist explained the drug affects driving because it causes the pupils to dilate, which affects the way light is transmitted into the eye.  He opined because the substance was present in the blood, "it[ was] acting on the brain and . . . therefore causing impairment."  The State also presented an expert in accident reconstruction who testified he determined Reece's vehicle traveled left of center, contributing to the collision, and Reece's vehicle showed no signs of any mechanical failure or other problem that could have contributed to the collision.  Additionally, law enforcement observed the weather was clear and sunny, no impediments were in the roadway, the sun would have been behind Reece, and Reece's vehicle had come to rest in the lane opposite from that in which she was traveling.  We find the foregoing constitutes evidence reasonably tending to prove Reece's guilt.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) ("When ruling on a motion for a directed verdict, the trial [judge] is concerned with the existence or nonexistence of evidence, not its

weight."); *State v. Pearson*, 415 S.C. 463, 469, 783 S.E.2d 802, 805 (2016) ("The trial judge 'should not refuse to grant the directed verdict motion when the evidence merely raises a suspicion that the accused is guilty.'" (quoting *Cherry*, 361 S.C. at 594, 606 S.E.2d at 478)); *id.* at 470, 783 S.E.2d at 805-06 ("However, a trial judge is not required to find that the evidence infers guilt to the exclusion of *any other reasonable hypothesis.*" (quoting *State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 853 (1996))).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**