**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Best Choice Roofing & Home Improvement, Inc.,
Appellant,

v.

Tyler Woods, Respondent.

Appellate Case No. 2019-001811

---

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-054
Submitted November 1, 2021 – Filed February 9, 2022

---

**DISMISSED**

---

Townes Boyd Johnson, III, of Townes B. Johnson III, LLC, of Greenville, for Appellant.

Nekki Shutt and Sarah J.M. Cox, both of Burnette Shutt & McDaniel, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Tyler Woods previously worked for Best Choice Roofing & Home Improvement, Inc. (Best Choice). He had agreed to relocate to the Atlanta area and signed a noncompete agreement that was binding for one year and within 100 miles of Best Choice's present locations.

Woods left the job shortly after relocating. He said Best Choice did not meet its promise to provide adequate housing for him and his pregnant wife. He found and accepted a roofing job with a different company in Columbia.

Best Choice sued Woods, claiming he was violating his noncompete agreement and seeking $15,000 per the agreement's liquidated damages clause. Best Choice also sent a cease and desist letter to Woods's new employer. This resulted in Woods losing his job.

Woods answered, counterclaimed for interfering with his new job, and alleged the suit was frivolous because Columbia is more than 100 miles from Atlanta.

Several months later, Best Choice sought leave to amend its complaint. Best Choice proposed dropping entirely its claim that Woods was violating the noncompete agreement and its request for $15,000 in liquidated damages. In place of that claim, Best Choice alleged Woods never intended to relocate and had converted or defrauded it out of the $2,500 it had given to Woods to help with moving expenses.

The order before us contains three rulings from the circuit court. The court granted Woods a summary judgment on Best Choice's claim that he violated the noncompete agreement, the court held Woods's counterclaims against Best Choice would proceed to trial, and the court denied Best Choice's request to add the $2,500 fraud/conversion claim to the suit. Best Choice argues this last ruling—the denial of its motion to amend—was error.

We dismiss this appeal. An order denying a motion to amend is not immediately appealable. *Baldwin Constr. Co. v. Graham*, 357 S.C. 227, 230, 593 S.E.2d 146, 147 (2004).

**DISMISSED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.